UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WILLIAM D. HAMBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-233-TAV-HBG |
| | ) | |
| TONY PARKER, | ) | |
| MICHAEL PARRIS, | ) | |
| KEN HUTCHINSON, | ) | |
| STANTON HERDLE, | ) | |
| E. JONES, and | ) | |
| COUNSELOR GRUBBS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon consideration of State inmate William D. Hamby, Jr.'s complaint, submitted pursuant to 42 U.S.C. § 1983 [Doc. 1], and his application seeking to proceed *in forma pauperis* in this action [Doc. 4].

### **I. APPLICATION OF "THREE STRIKES"**

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (quotation marks omitted).

Due to the bevy of § 1983 lawsuits Plaintiff has filed in federal court, he has previously been held subject to the "three-strike" rule. *See Hamby v. Rhude*, No. 3:19-CV-97-RLJ-HBG [Doc. 6] (E.D. Tenn. Apr. 5, 2019) (noting Plaintiff's previous dismissals under § 1915(g) in *Hamby v. Rhude*, No. 3:19-CV-212, 2019 WL 149172, at *1 (M.D. Tenn. Apr. 3, 2019) (citing four prior cases in Middle District that were dismissed for failure to state a claim, i.e., *Hamby v. Lingle*, No. 3:12-cv-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-cv-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-CV-96 (M.D. Tenn. Apr. 10, 2013); and *Hamby v. Thomas*, No. 3:13-cv-0127 (M.D. Tenn. Feb.19, 2013)).

Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915.

## II. IMMINENT DANGER

The imminent danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,'

could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

Here, Plaintiff alleges that Defendants' have placed him in a mental health unit with loud inmates who "make noise all night and day," thereby subjecting him "audio (sound) torture" [Doc. 1 p. 1-2]. Such an allegation fails to state a claim for an Eighth Amendment violation, much less demonstrate that Plaintiff is in imminent danger of serious physical harm. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (declining to find an Eighth Amendment violation absent conduct that involves the "unnecessary and wanton infliction of pain" and noting that "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment") (citations omitted). Therefore, Plaintiff may not proceed as a pauper in these proceedings.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [4] is **DENIED** pursuant to § 1915(g), and the instant action is **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). There being no remaining issues before the Court, this case is **CLOSED**.

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE